WILLIAM MACOMBER, BY GUARDIAN, RESPONDENT, v. THE BANK OF BATAVIA AND OTHERS, APPELLANTS.

*Devise to mother of use and income of property for life, to be used for support of mother and son — Interest of mother not alienable or subject to levy.*

APPEAL from an order of the Special Term in Erie county, denying a motion made by the defendants, the judgment creditors of Maritta M. Macomber, and by the sheriff of Genesee county, to dissolve an injunction granted herein by the county judge of Genesee county, restraining such creditors and sheriff from enforcing the collection

of certain judgments recovered against said Maritta out of certain real and personal property described in the complaint, in her possession and under her control. The motion was founded upon the papers upon which the injunction was granted.

The injunction was ordered on the ground that the real and personal property aforesaid was held by the said Maritta as trustee of the plaintiff, and that she had no leviable interest therein. The question as to the nature of her interest in the property depends upon the construction of certain provisions of the last will and testament of William Macomber, who died in December, 1861, leaving the said Maritta his widow, and the plaintiff, his son, then an infant aged about three years.

The provisions of the will, upon the construction of which the solution of the question above stated depends, are in the following words : " Article 3d. I will and give and bequeath unto my beloved wife, Maritta M. Macomber, the use, improvements and income of one hundred and fourteen acres of land, with all the appurtenances, and all the use and income of the same, and all household furniture, and the use of all farming utensils, and three horses, four cows, fifty sheep, twenty swine, and six head of young cattle; the said one hundred and fourteen acres of land being my old farm or homestead, to wit " (describing it). " In consideration of my beloved wife, Maritta M. Macomber, receiving the use and income of the above one hundred and fourteen acres of land, with the appurtenances thereto, in full, for her dower, and for the support of herself and my son and her son, William Macomber, now over three years old, and for his education and benefit in sickness and in health, till twenty-one years old, if he should live to the age of twenty-one, which will be A. D. 1878 — born November 4, 1857 ; and the above real and personal property to remain in full for the control of my wife, Maritta M. Macomber, her lifetime, and for her benefit, and my son and her son, William Macomber, as above." " In case my beloved wife should not live till the said William Macomber is of age, or twenty-one years old, then my executor this my last will shall have all the control of the above real and personal property for the benefit of my son, William Macomber, till of age, or twenty-one years old. The use of the above real and personal property is for the use and benefit of my wife in lieu of all dower, and at her death,

will and give and bequeath all the real and personal property aforesaid to my son and her son, William Macomber, if living."

"The intent of this third article is that my wife, Maritta M. Macomber, have the use and benefit of all the above real and personal property for herself and my son and her son, William Macomber, and after his mother's death to be the only heir to all property named in this third article."

"In case he should not live or survive his mother, Maritta M. Macomber, then to be divided equally among all my legal heirs after her death, and the said real and personal property to be put in the possession of my wife, Maritta M. Macomber, clear from all incumbrance; and at the death of my wife, Maritta M. Macomber, to remain clear as then."

The court at General Term said: "The intent to be gathered from these provisions is, as we think, to give to the widow merely the use and income of the property, real and personal, during her life. Out of it she is entitled to her own support, and she is required to apply it to the support, education and benefit of her son, the plaintiff. To the extent of the beneficial interest of the plaintiff, she takes the use and income of the property in trust, and her term is inalienable during the minority of the plaintiff. The trust is for a valid purpose (1 R. S., 728, § 55, subd. 3), and as it is not to continue beyond the life of the widow, it does not work an illegal suspension. The gift to the widow is limited in express terms to the use of the property. The rule of law that a devise of the interest or of the *rents and profits* is a devise of the thing itself, out of which that interest or those rents and profits may issue, is subject to limitations. Where, as in this case, the intention of the testator to give *only the use* is clear, manifest and undisputed, the rule must yield to the stronger force of the intention. (*Patterson* v. *Ellis*, 11 Wend., 298.) The plaintiff has a vested interest. In addition to his beneficial interest in the trust, he is vested with the fee of the real estate and the ownership of the personal property, subject to the right of his mother to the use of the same, during her life, for the purposes aforesaid, and subject to being divested by the happening of his death during the lifetime of his mother. We are of the opinion that the widow has no alienable or leviable interest in the property disposed of by the will."

*M. H. Peck,* for the appellants.    *Geo. Bowen,* for the respondents.

Opinion by SMITH, J.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Order of Special Term affirmed, with ten dollars costs and dis
bursements.